Judgment, Supreme Court, New York County (Robert H. Straus, J.), rendered September 6, 2006, convicting defendant, after a jury trial, of burglary in the third degree and petit larceny, and sentencing him to an aggregate term of one year, unanimously affirmed.
The court properly exercised its discretion in denying defendant’s mistrial motion based on the prosecutor’s alleged concealment of evidence. At the outset, we note that the evidence was neither exculpatory nor discoverable under CPL article 240. Defendant nevertheless claims that the prosecutor unfairly misled defense counsel into believing that certain evidence that would refute defendant’s defense did not exist, and that the prosecutor failed to correct that misimpression in a timely fashion, thereby leading defense counsel to inadvertently elicit this damaging evidence on cross-examination. However, the prosecutor made a timely disclosure of grand jury minutes from which this information could have readily been gleaned.
The trial court properly exercised its discretion in granting the prosecution’s request for a missing witness charge. Defendant concedes that his sister would have offered material, noncumulative testimony about a critical issue and that she was within his control. The burden thus shifted to defendant to “account for the witness’ absence or otherwise demonstrate that the charge would not be appropriate.” (People v Gonzalez, 68 NY2d 424, 428 [1986].) Defendant did not establish that his sister was unavailable to testify (see People v Savinon, 100 NY2d 192, 198-200 [2003]), and the circumstances otherwise permit *435 ted an inference that her testimony would have been unhelpful to defendant. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Abdus-Salaam, JJ.